**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARREN E. COX; COX HONEY OF
UTAH, LLC, a Utah limited liability
company,

      Plaintiffs - Appellants,

v.

CACHE COUNTY, a Utah municipal
corporation; BOX ELDER COUNTY, a
Utah municipal corporation; MARTIN
JAMES, individually and in his official
capacity as county bee inspector of Cache
County and Box Elder County; ELMER
JAMES, an individual; SOLARTRAC,
INC., d/b/a Slide Ridge Honey, a Utah
corporation,

      Defendants - Appellees.

No. 14-4123
(D.C. No. 1:08-CV-00124-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

    Plaintiff-Appellant Darren Cox, a Utah beekeeper, challenges the district

court's determination that the county bee inspector, Defendant-Appellee Martin

James, was entitled to qualified immunity on Cox's claim that James violated the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fourth Amendment when he inspected Cox's apiary without a warrant. Having jurisdiction under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1291, we AFFIRM.[1]

## I. BACKGROUND

James is the bee inspector for both Cache and Box Elder Counties. When James became the bee inspector in April 2007, Cox informed the Counties that James could not inspect Cox's apiaries. The Counties agreed, as did James.

In May 2007, James was in Box Elder County, near Fielding, Utah, moving some of his own beehives because a nearby farmer was going to spray pesticide, which can be harmful to bees. As James was leaving, he noticed some other hives in a nearby field owned by Milton Williams. Williams was mowing grass nearby. According to James, without first talking to Williams, James approached the hives in order to determine who owned them, so James could warn the hive owner about the pesticide spraying. After spending two or three minutes looking at the hives, the bees started acting aggressively, so James returned to his truck and left.

Though located on Williams's property, the hives belonged to Cox. Cox sued Inspector James, among others, alleging a number of state and federal claims. There is only one claim at issue here: Cox's 42 U.S.C. § 1983 claim for damages against James, in his individual capacity, alleging James violated the Fourth Amendment when he "inspected" Cox's beehives without a warrant. The district court held James was entitled to qualified immunity on this claim and granted him summary judgment

___

[1] Because a second appellant, Plaintiff Cox Honey, LLC, failed to establish its standing to pursue this appeal, we dismiss Cox Honey as an appellant.

on that basis. Later, the district court denied Cox relief on his motion seeking reconsideration. In this appeal, Cox challenges both the district court's qualified immunity decision and its denial of relief on reconsideration.

## II. DISCUSSION

**A. The district court did not err procedurally in granting James qualified immunity**

Cox contends that the district court abused its discretion in making several procedural rulings. We disagree.

Cox first complains that the district court failed to notify him that the court intended to convert James's motion to dismiss, by which James invoked his qualified immunity defense, into a Fed. R. Civ. P. 56 motion for summary judgment. But, because it was Cox who initiated the conversion to summary judgment by relying on facts and evidence outside the pleadings to oppose James's qualified immunity defense, Cox had actual notice that the court might convert the motion to dismiss into one for summary judgment. See Arnold v. Air Midwest, Inc., 100 F.3d 857, 859 n.2 (10th Cir. 1996). Thus, Cox "is scarcely in a position to claim unfair surprise or inequity." Id.

Cox further asserts that the district court abused its discretion in not granting his request, made during a hearing on James's motion for qualified immunity, to file a surreply to address new facts and legal arguments that James asserted for the first time in his reply filed in support of qualified immunity. Having reviewed the

3

transcript of the hearing on qualified immunity, however, we conclude Cox never specifically requested to file a surreply.

## B.  The district court did not err in granting James qualified immunity

Cox next challenges the district court's decision to grant James qualified immunity.  We review de novo a district court's qualified immunity decision made in the context of summary judgment, viewing the evidence in the light most favorable to the non-moving party, here Cox.  See Vasquez v. Lewis, —F.3d —, 2016 WL 4436144, at *2 (10th Cir. Aug. 23, 2016).  Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982.)

### 1.  James's challenged conduct fell within his discretionary authority

Cox argues that James is not entitled to invoke qualified immunity because James failed to establish, as a threshold matter, that his challenged conduct in approaching and looking at Cox's apiary fell within James's discretionary authority as county bee inspector.  See Elwell v. Byers, 699 F.3d 1208, 1212 n.3 (10th Cir. 2012).  We reject this argument, agreeing with the district court's conclusion "that Mr. James was legitimately acting within his authority as a bee inspector" when he attempted to identify the owner of the hives located on Milt Williams's property in order to warn the owner about the pesticide spraying (App. 895-96).  More to the point, it was not clearly established at that time that James's challenged actions fell

4

outside a bee inspector's scope of authority under the Utah Bee Inspection Act. See Better Gov't Bureau, Inc. v. McGraw (In re Allen), 106 F.3d 582, 593-94 (4th Cir. 1997).

Cox further contends that James's challenged conduct was outside the authority provided by his employment contracts with the Counties because, in those contracts, James had agreed not to inspect Cox's apiaries. But Cox, in opposing James's motion for qualified immunity, presented no evidence that James knew the hives belonged to Cox. The district court, therefore, correctly concluded that Inspector James's challenged conduct fell within his discretionary authority.

**2. Cox failed to show that James violated Cox's clearly established Fourth Amendment rights**

When a government official asserts a qualified immunity defense, as James did, the burden shifts to the plaintiff—here, Cox—to establish that the government official (1) violated the plaintiff's constitutional or statutory right, and (2) that the right was clearly established at the time of the conduct. See Culver v. Armstrong, 832 F.3d 1213, 1217 (10th Cir. 2016). Courts can address these two inquiries in any order and, if the plaintiff fails to meet his burden on either inquiry, the government official is entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 227, 232, 236 (2009).

Here, we address only the second inquiry. Statutory or constitutional rights are clearly established if there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts . . . found the

5

law to be as the plaintiff maintains." Cordova v. City of Albuquerque, 816 F.3d 645, 658 (10th Cir. 2016) (internal quotation marks omitted). The Supreme Court has warned against "defining clearly established law at a high level of generality." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (internal quotation marks omitted). Instead, "[t]he dispositive question is whether the violative nature of particular conduct is clearly established." Id. (internal quotation marks omitted). "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." Id. (internal quotation marks omitted).

In considering the specific context of this case, we accept the parties' concession made in the district court that there is a factual dispute as to whether James opened the hives when he was trying to identify their owner. Viewing that fact in the light most favorable to Cox, see Vasquez, 2016 WL 4436144, at *2, therefore, we assume that James opened the hives. Even so, Cox has failed to meet his burden of showing that, in the specific context of this case, James violated Cox's clearly established Fourth Amendment rights by opening a sealed bee hive—a movable structure or container located in an open field—for the purpose of identifying the hives' owner in order to warn the owner of potential harm to the hives.

The question whether James violated the Fourth Amendment by opening Cox's hives under these circumstances turns on a number of nuanced and largely unsettled questions, in light of the fact that (1) the alleged search at issue here took place in an "open field," see Oliver v. United States, 466 U.S. 170, 176-81 (1984); (2) involved a

6

structure that is movable rather than an attached fixture on real property; (3) occurred without objection of the land owner, who was nearby; (4) was undertaken for the purpose of identifying the owner of the hives; (5) in order to warn the owner so he could protect his hives from possibly harmful pesticide spraying; and (6) any "search" at issue here would have resulted from opening and looking into the hives in order to determine the identity of the owner rather than a full-blown inspection of the contents of the hives which, according to both parties, would have required the use of a protective beekeeping suit and would have involved smoking the bees in order to subdue them and then deconstructing the hive in order to obtain samples for testing. We do not list here these difficult Fourth Amendment issues as a precursor to deciding them. Instead, because these issues were inadequately briefed, both in the district court and now on appeal, we decline to address them in order to decide whether James violated Cox's Fourth Amendment rights.

However, in light of the difficulty of these unsettled questions, we hold instead that Cox failed to meet his burden of showing that James's challenged conduct violated clearly established Fourth Amendment rights. In addressing this question before the district court, Cox asserted only that it was clearly established that a warrantless search of commercial property was presumptively unreasonable. For that proposition, he cited two Tenth Circuit cases, one involving the search of a commercial office not open to the public, Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 839-40, 842-45 (10th Cir. 2005), and the other addressing the search of an industrial plant late at night because police discovered an open garage door at the

7

plant, United States v. Bute, 43 F.3d 531, 532-33 (10th Cir. 1994). While generally relevant, these two cases alone are insufficient to establish clearly that Inspector James's conduct at issue here, in opening a movable beehive located in an open field for the purpose of identifying and warning the owner of possibly harmful pesticide spraying, amounts to an unreasonable search under the Fourth Amendment. Cf. Culver, 832 F.3d at 1218 ("Simply to say the law has long recognized one's right to be free from arrest absent probable cause casts way too high a level of generality over our inquiry.").

In support of his motion for reconsideration filed with the district court, Cox instead relied upon a 1987 Sixth Circuit decision, Allinder v. Ohio, 808 F.2d 1180 (6th Cir. 1987), as clearly establishing that Cox had a reasonable expectation of privacy in his hives sufficient to implicate Fourth Amendment protection. On appeal, Cox again specifically relies only on Allinder. (He does assert on appeal that "there is certainly enough precedent to clearly establish that a warrantless search of apiaries violates the Fourth Amendment," but fails to cite to any such authority. (Aplt. Br. 35.))

Allinder concluded that the Fourth Amendment protects apiaries, as personal "effects," from unreasonable searches. 808 F.2d at 1186. But, while the district court in this case adopted Allinder's reasoning to hold that the Fourth Amendment applies to the search of an apiary located in an open field—an issue we do not

8

address here—<u>Allinder</u>, a lone and fairly old case from another circuit, cannot <u>clearly</u>

<u>establish</u> that conclusion as law in the Tenth Circuit.[2] <u>See</u> <u>Cordova</u>, 816 F.3d at 658.

The Sixth Circuit in <u>Allinder</u> concluded that a full-blown inspection—prying

open the hive, smoking the bees, and deconstructing the hive in order to obtain

testing samples—was a search for purposes of the Fourth Amendment.  808 F.2d at

1183, 1186.  But there are no facts in this case that suggest that James undertook

anything close to such a full-blown inspection during the two to three minutes he

looked at Cox's hives.

For these reasons, we conclude that Cox failed to establish that Inspector

James's conduct, in approaching and opening Cox's hives in order to determine who

owned them, violated clearly established Fourth Amendment rights.  We, therefore,

uphold the district court's decision to grant James qualified immunity.

## C.  The district court did not abuse its discretion in denying Cox's motion for reconsideration

After the district court granted James qualified immunity, but before the court

finally resolved the rest of Cox's claims, Cox filed with the district court a motion for

reconsideration.  In that motion, he primarily raised the same arguments he asserts

now on appeal.  For the reasons explained above, the district court did not abuse its

---

[2]  To the extent Cox asserts that, by approaching and opening Cox's hives, James violated the Utah Bee Inspection Act and breached his employment contracts, those allegations alone do not establish a <u>Fourth Amendment</u> violation.  And, in any event, Cox did not assert any evidence establishing that Cox knew the hives at issue here belonged to Cox.

9

discretion, see <u>Rimbert v. Eli Lily & Co.</u>, 647 F.3d 1247, 1252 (10th Cir. 2011), in denying Cox relief on reconsideration.

## III.  CONCLUSION

For the forgoing reasons, we AFFIRM that James was entitled to qualified immunity on Cox's Fourth Amendment claim.

Entered for the Court

David M. Ebel
Circuit Judge